IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 3:97-CR-0293-G(01) |
| | § | |
| KEVIN WESLEY, #30963-077, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Court's order filed on May 3, 2012, this case was referred to the United States Magistrate Judge to determine "if late filing of notice of appeal is due to excusable neglect.." For the reasons that follow, the Court finds that Defendant's notice of appeal was timely filed.[1]

### I. BACKGROUND

The District Court denied Defendant Kevin Wesley's motion to reduce sentence on November 21, 2011. (Doc. 143.) On December 13, 2011, the Court received Defendant's amended motion to reduce sentence, which was accompanied by *Inmate Discipline Data* reports dated December 6, 2011, and a letter advising of his intent to appeal dated December 1, 2011. (Doc. 144.) The Court subsequently filed the letter as a formal notice of appeal. (Doc. 145.) Thereafter, on February 9, 2012, the United States Court of Appeals for the Fifth Circuit

---

[1] Although the District Judge's Order of Referral specifically directs only a determination regarding the issue of excusable neglect (Doc. 149), it clearly references the remand order of the Court of Appeals for the Fifth Circuit (Doc. 147) which directs the District Court to determine whether Wesley's notice of appeal was timely under the mailbox rule or, in the alternative, if late filing was due to excusable neglect. Because the Court concludes that Wesley's notice of appeal was timely filed under the mailbox rule, the issue of excusable neglect is not reached.

remanded the case for determination of whether Defendant delivered his notice of appeal to prison officials for mailing on or before December 6, 2011, and, in the event the notice of appeal was not timely filed, whether excusable neglect entitles Defendant to an extension of time to appeal under Federal Rules of Appellate Procedure 4(b)(4). (Doc. 147.)

The Federal Correction Institution (FCI) and the Federal Detention Center (FDC) in Seagoville, Texas, maintain mail logs only of certified mail sent by inmates. (Doc. 151 at 4.) "Legal mail sent by inmates assigned to FCI and FDC Seagoville is not tracked unless it is sent by certified mail." *Id.* The certified mail log for the period between November 30, 2011, and December 13, 2011, reflects no certified mail from Defendant. *Id.* at 7-15. While Defendant notes that FCI Segoville does not have a mailroom where inmates' legal mail is logged, he avers that he deposited his handwritten notice of appeal in the general mail depository on December 1, 2011. (Doc. 153 at 2-3, 6; Doc. 154 at 1-2.) Alternatively, he alleges that any delay in mailing his notice of appeal were "completely out of his control" and, as such, he is entitled to an out-of-time appeal. (Doc. 153 at 5-6.) In support, he asserts that "the [G]overnment has no interest in [this] case and, as such, has not been prejudiced" by the delay. *Id.* The Government did not file a reply, even though it was granted an opportunity to do so.

## II. ANALYSIS

Defendant affirms mailing his notice of appeal on December 1, 2011. However, because it was mailed along with his amended motion for reduction of sentence, which was accompanied by prison reports dated December 6, 2011, it is implausible that Defendant placed his notice of appeal in the prison mail depository on December 1, 2011. Nonetheless, it is feasible that, soon after obtaining the December 6, 2011, prison reports, Defendant placed his notice of appeal in the

prison mail depository. There being no evidence to the contrary, the Court finds that Defendant could have delivered his notice of appeal to prison officials for mailing on December 6, 2011, the last day for filing.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that Defendant's notice of appeal is timely. The Clerk of the Court is instructed to forward a supplemental record to the Clerk of the United States Court of Appeals for the Fifth Circuit that includes docket entries 149 through 155 (this opinion).

SIGNED June 14, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE